**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CEDRIC GREENE,<br><br>            Plaintiff,<br><br>      v.<br><br>B. SANDERS, et al.,<br><br>            Defendants. | NO. 1:09-cv-00336 MJS PC<br><br>ORDER DENYING DEFENDANTS'<br>MOTION TO DISMISS AND<br>DIRECTING DEFENDANTS TO FILE<br>AN ANSWER<br><br>(Doc. 18) |

Plaintiff is a former state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).[1] Pending before the Court is defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b) and 12(b)(6). Plaintiff opposes the motion.

**Procedural History**

This action was initiated by Plaintiff's February 24, 2009 civil complaint. Plaintiff, formerly an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at the California Correctional Institution at Tehachapi (CCI), seeks compensatory damages from the following correctional officials employed by the CDCR at CCI: Lieutenant B.

---

[1] On March 6, 2009, plaintiff filed a consent to proceed before a magistrate judge. Defendants Sanders, Dozer, Taylor and Kephart each filed a consent to proceed before a magistrate judge on October 29, 2009.

Sanders; Correctional Officer (C/O) G. Dozer; C/O M. Taylor; C/O R. Kephart.

Defendants moved to dismiss plaintiff's action on November 12, 2009. Plaintiff filed opposition on December 7, 2009. Defendants filed a reply on December 10, 2009.

### Facts

Plaintiff's statement of claim, in its entirety, follows:

> On March 7, 2006, plaintiff was wrongfully 'slammed' against the wall without proper cause by defendants G. Dozer and R. Kephart. Defendants G. Dozer, R. Kephart and M. Taylor forcefully 'tackled' plaintiff hard onto the ground, in which caused plaintiff to suffer injuries within the facial area. Defendant B. Sanders physically 'yanked' the hands of plaintiff through the food opening, in which caused plaintiff to obtain cuts and bleeding to the hands and wrist location.

(Compl., ¶ IV.)

### Failure to State a Claim

Defendants move to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that plaintiff fails to state a claim under the Eighth Amendment for cruel and unusual punishment.[2]

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9 Cir. 2008); Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). In reviewing a complaint under Rule 12(b)(6), all of the complaint's material allegations of fact are taken as true, and the facts are construed in the light most favorable to the non-moving party. Marceau v. Balckfeet Hous. Auth., 540 F.3d 916, 919 (9th Cir. 2008); Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1999). The Court must also assume that general

---

[2] Defendants do not refer to Rule 12(b)(6). Because they seek dismissal on the ground that plaintiff fails to state a claim, the court will construe this as a motion brought pursuant to that rule.

2

allegations embrace the necessary specific facts to support the claim. Smith v. Pacific Prop. and Dev. Corp., 358 F.3d 1097, 1106 (9th Cir. 2004). However, the Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1056-57 (9th Cir. 2008); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). Although they may provide the framework of a complaint, legal conclusions are not accepted as true and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009); see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003). As the Supreme Court has recently explained:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 129 S.Ct. at 1949. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949.

> The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'
>
> . . .
>
> Determining whether a complaint states a plausible claim for relief will . . . be a context specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the

> mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.

Iqbal, 129 S.Ct. at 1949-50. "In sum, for a complaint to survive a motion to dismiss, the nonconclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

Because plaintiff was an inmate in the custody and control of the CDCR at the time of the events complained of, the Court will address this case as arising under the Eighth Amendment. The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." The proscription applies to the states through the Due Process Clause of the Fourteenth Amendment. Robinson v. California, 370 U.S. 660 (1962). Prison brutality is part of the total punishment to which the individual is being subjected for his crime and, as such, is a proper subject for Eighth Amendment scrutiny. Ingraham v. Wright, 430 U.S. 651, 669, (1977). The Eighth Amendment is specifically concerned with the unnecessary and wanton infliction of pain in penal institutions and serves as the primary source of substantive protection to convicted prisoners in cases where the deliberate use of force is challenged as excessive and unjustified. Whitley v. Albers, 475 U.S. 312, 327,(1986); see also Graham v. Connor, 490 U.S.386, 392 n.10 (1989).

Where prison officials are accused of using excessive physical force, the issue is "'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" Hudson v. McMillian, 503 U.S. 1, 6 (1992) (quoting Whitley, 475 U.S. at 320-321). Factors relevant to the analysis are the need for the application of force, the relationship between the need and the amount of force that was used and the extent of the injury inflicted. Whitley, 475 U.S. at 321. Other factors to be considered are the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them, and any efforts made to temper the severity of a

forceful response. Id. The infliction of pain in the course of a prison security measure "does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied was unreasonable, and hence unnecessary." Id. at 319. Prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Id. at 321-322 (quoting Bell v. Wolfish, 441 U.S. 520, 547 (1970)).

Defendants argue that plaintiff's allegations are conclusory. Specifically, defendants argue that

> As a matter of law, his conclusory statement that he was wrongfully slammed and tackled, even if negligent or mistaken, does not constitute the type of wanton, deliberate disregard of an excessive risk constituting an 'extreme deprivation' beyond contemporary standards of decency' protected under the Cruel and Unusual Punishments Clause. To hold that injury caused by the conduct alleged here constitutes cruel and unusual punishment 'would trivialize' the Eighth Amendment. See e.g. *Daniels v. Williams*, 474 U.S. 327, 332 106 S.Ct. 662, 665 (1986) (Constitution does not supplant tort law or any other state law remedies for injuries incurred in prison.)

(Mem., 3:1-8.) Daniels involved a prisoner who alleged that correctional officials' negligence deprived him of due process within the meaning of the Fourteenth Amendment. The plaintiff in Daniels claimed he was deprived of a liberty interest in being free from bodily injury. Plaintiff suffered an injury when a correctional deputy left a pillow on the stairs. Plaintiff slipped and fell. Daniels, 474 U.S. at 328.

Here, the complaint alleges activities which by their nature are intentional, not negligent. Daniels does not apply to this case.

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief." As noted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Iqbal, 129 S.Ct. at 1949. "A claim has facial plausibility when the plaintiff

5

pleads factual content that allows the court draw the reasonable inference that the defendant is liable for the  misconduct alleged." <u>Iqbal</u>, 129 S.Ct. at 1949.

Taken as true, and in the light most favorable to plaintiff, an allegation that plaintiff was "wrongfully" and "without proper cause" slammed against the wall, tackled hard to the ground, and  had his hands yanked through the food port plaintiff suggests unjustified acts and a reasonable inference that force was applied " maliciously and sadistically to cause harm.'" <u>Hudson</u>, 503 U.S. at 6 (quoting <u>Whitley</u>, 475 U.S. at 320-321)." Certainly the facts alleged present only one side of the story and do not address whether plaintiff was a threat to officer safety or security or related issues of reasonableness and justification.  However, as <u>Whitley</u> notes, those issues are more properly raised in a motion for summary judgment.  At this stage of the proceedings, we are dependent upon the allegations in the complaint, and there are no facts in the complaint to indicate that plaintiff was in any way a threat to the safety of staff or other inmates or that force was applied in a good faith effort to restore discipline.  Looking, as we must, only at plaintiff's allegations, defendants' on this ground motion must be denied.[3]

**Exhaustion**

Defendants also seek dismissal on the ground that plaintiff has failed to demonstrate that he exhausted his available administrative remedies prior to filing suit.

"The Prison Litigation Reform Act requires that a prisoner exhaust available administrative remedies before bringing a federal action concerning prison conditions." <u>Griffin v. Arpaio</u>, 557 F.3d 1117, 1119 (9th Cir. 2009)(citing 42 U.S.C.§ 1997e(a)).  "[T]he PLRA exhaustion requirement requires proper exhaustion." <u>Woodford v. Ngo</u>, 548 U.S. 81, 93 (2006).  This means that a prisoner must "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." <u>Marella v. Terhune</u>, 568 F.3d 1024, 1027 (9th Cir. 2009)(quoting <u>Ngo</u>, 548 U.S. at 88).

---

[3] The Court will direct defendants to file an answer to the complaint.  Once an answer has been filed, the Court will enter a discovery and scheduling order which will include deadlines for the filing of dispositive pretrial motions.

Defendants argue that plaintiff has not indicated how and when he exhausted his administrative remedies but instead "simply checks a box on the form complaint indicating "Yes" that he has completed the grievance procedure available to him. No confirming documents or clarifying declaration accompanies the complaint to show how and when he completed the grievance procedure." (Mem., 3:22-26.)

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense in which defendants have the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The court in Wyatt specifically held that nonexhaustion under § 1997e(a) of the PLRA does not impose a pleading requirement. In applying that reasoning to the facts in Wyatt, the court noted that

> Defendants argued in the district court, consistent with the Sixth Circuit's position, that the burden of establishing exhaustion fell on Wyatt and that Wyatt failed to attach documents establishing exhaustion to his complaint. We have rejected treating PLRA exhaustion as a pleading requirement or requiring exhaustion to be established by the complaint. Accordingly, if the district court dismissed Wyatt's claim on this ground, we must reverse.

Wyatt, 315 F.3d at 1120. Plaintiff's failure to plead exhaustion is therefore not a ground for dismissal. Absent a clear concession of non-exhaustion by plaintiff, his complaint may not be dismissed for failure to properly plead, or come forward with evidence of, exhaustion. Plaintiff here has indicated that he exhausted his administrative remedies; he has not conceded non-exhaustion.

In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. Ritza Int'l v. Lonshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1998)(per curiam). Defendants may meet their burden of proving the absence of exhaustion by submission of documents beyond the pleadings, but they have not done so by relying exclusively on plaintiff's allegations.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b) and

12(b)6 is denied.

    2. Defendants shall file an answer to the complaint within thirty days of the date of service of this order.

IT IS SO ORDERED.

Dated:   June 7, 2010                              /s/ *Michael J. Seng*
                                                      UNITED STATES MAGISTRATE JUDGE