UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC GREENE, | CASE NO.   1:09-cv-336-MJS (PC) |
| Plaintiff, | ORDER DENYING MOTION TO STRIKE |
| v. | (ECF No. 30) |
| B. SANDERS, et al., | and |
| Defendants. | DENYING REQUEST FOR ENTRY OF DEFAULT |
| / | (ECF No. 29) |

   Plaintiff Cedric Greene ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Before the Court are Plaintiff's Request for Entry of Default [ECF No. 29] and Plaintiff's Motion to Strike Defendants' Untimely Answer to Complaint [ECF No. 30].  The basis for both of these motions is that the Court ordered Defendants to file an answer to Plaintiff's Complaint by July 12, 2010 (ECF No. 23) and Defendants did not file their answer until July 27, 2010 (ECF No. 24).

   Plaintiff moves for the entry of default because Defendants failed to answer by the Court's deadline.  However, Defendants had appeared and filed a Motion to Dismiss that was denied by the Court. (ECF Nos. 18 & 23.)  A motion to dismiss qualifies as an effort to defend against this action.  See Wichstrom v. Ebert, 101 F.R.D. 26, 32 (E.D. Wis. 1984). Because Defendants had appeared and defended against this action, the entry of default is not appropriate.  Fed. R. Civ. P. 55(a).

Plaintiff also asks the Court to strike Defendants' answer because it was filed after the Court's deadline and Defendants did not ask for additional time. The decision to grant or deny a motion to strike is vested in the trial judge's sound discretion. Talbot v. Robert Matthews Distrib. Co., 961 F.2d 654, 664-65 (7th Cir. 1992) (citing Alvarado-Morales v. Digital Equip. Corp., 843 F.2d 613, 618 (1st Cir. 1988)). Courts generally disfavor motions to strike, however, because they propose a drastic remedy and are typically a delay tactic. See Mag Instrument, Inc. V. JS Prod.'s Inc., 595 F. Supp. 2d 1102, 1006 (C.D. Cal. 2008); Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distribs. Pty. Ltd., 647 F.2d 200, 201 (D.C. Cir. 1981) (citing 5C Fed. Prac. & Proc. 2d § 1380 at 783); Morse v. Weingarten, 777 F. Supp. 312, 319 (S.D.N.Y. 1991); Mirshak v. Joyce, 652 F.Supp. 359, 370 (N.D. Ill. 1987); Schramm v. Krischell, 84 F.R.D. 294, 299 (D. Conn. 1979).

Accordingly, a Rule 12(f) movant not only must demonstrate the allegedly offending material is "redundant, immaterial, impertinent, or scandalous," or constitutes an insufficient defense, but must also show how such material will cause prejudice. Fed. R. Civ. P. 12(f). See also Mag Instruments, 595 F. Supp. 2d at 1106 ("Given their disfavored status, courts often require a showing of prejudice by the moving party before granting the requested relief.") (citing Neilson v. UnionBank of Cal., N.A., 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003)).

In this case, Plaintiff argues that Defendants' answer should be stricken because it was filed after the Court's deadline had passed. This is not an appropriate basis for striking a pleading under Rule 12(f). Moreover, the circumstances of this case do not merit such a harsh penalty.

Accordingly, it is hereby ORDERED:

1. Plaintiff's Request for Entry of Default (ECF No. 29) is DENIED; and

2. Plaintiff's Motion to Strike Defendants' Untimely Answer to Complaint (ECF No. 30) is DENIED.

IT IS SO ORDERED.

Dated:   August 17, 2010           /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE