1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

CEDRIC GREENE,                                    1:09-cv-0336-MJS-PC

                          Plaintiff,     **PRETRIAL ORDER**
          v.                             (Docs. 47 and 48)

B. SANDERS, et al.,                      **Telephonic Trial Confirmation**
                                         **Hearing:     03/02/12, at 9:30 a.m. in**
                                         **                Courtroom 6 (MJS)**

                          Defendants.    **Motions in Limine Deadline: 3/20/2012**

                                         **Other Pretrial Submissions: 4/05/12**


                                         **Jury Trial:    04/10/2012, at 8:30 a.m. in**
                                         **                Courtroom 6 (MSJ)**

_____/


        Plaintiff Cedric Greene, a former prisoner proceeding pro se and in forma pauperis,

filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 24, 2009.  This action

is proceeding on Plaintiff's original complaint against Defendants Sanders, Dozer, Taylor,

and Kephart for use of excessive physical force in violation of the Eighth Amendment of

the United States Constitution.

        Plaintiff's claim arises from an incident which he asserts occurred on March 7, 2006,

at California Correctional Institution-Tehachapi (CCI-Tehachapi).

        The parties have consented to the Magistrate Judge handling all matters in this

action. (ECF Nos. 5, 14-17.)

        At the March 2, 2012, Pretrial Hearing, the parties confirmed their ability and intent

to proceed to trial on April 10, 2012. (Plaintiff expressed a preference to postpone the trial until May, but agreed he could and would proceed April 10, 2012.  Defendant noted he begins trial in another case March 27, 2012.  The Court is confident that trial will not interfere with the one in this case.)

## I.    Jurisdiction and Venue

The Court has subject matter jurisdiction over this federal civil rights action.  28 U.S.C. § 1331.  Venue is proper because the conduct allegedly occurred in this judicial district. 28 U.S.C. §§ 1343, 1391.

## II.    Jury Trial

Plaintiff did not make a demand for trial by jury in his Complaint.  Defendants did not demand a jury trial in their Answer. However, Plaintiff's pretrial statement estimated trial time based on a trial by jury. At the Pretrial conference both parties stated their desire and intent to have a jury.

The Court may, on motion, or by consent of the parties, order a jury trial on any issue for which a jury might have been demanded. Fed. R. Civ. P., Rule 39. The Court will accept as a motion "any cognizable affirmation" of a party's desire for a jury trial. Moores v. Greenberg, 834 F.2d 1105, 1108 (1st Cir. 1987). The Court construes the above as joint motions for and consent to jury trial and,  so construed,  grants the motions. This action shall be tried by a jury of eight.

## III.    Facts and Evidentiary Issues

### A.    Plaintiff's Undisputed Facts

1.    On March 7, 2006, Plaintiff was wrongfully "slammed" against the wall without proper cause by Defendants G. Dozer and R. Kephart.

2.    Defendants G.Dozer, R. Kephart, and M. Taylor forcefully "tackled" Plaintiff hard onto the prison ground.

3.    Defendant B. Sanders physically "yanked" Plaintiff's hands through a prison food opening.

4.    The incident took place at California Correctional Institution, a California

prison.

5.     As a result of the incident, Plaintiff suffered facial injuries and cuts and bleeding on the hands and wrists.

6.     Plaintiff requests Four Million Dollars judgment against the named Defendants.

**B.     Defendants' Undisputed Facts**

1.     Plaintiff Greene [T99556] was, at the time pertinent to this lawsuit, a California prisoner at Tehachapi, California.

2.     Defendants B. Sanders, G. Dozer, M. Taylor, and [R] Kephart were employed by the California Department of Corrections and Rehabilitation (CDCR) at the time pertinent to this lawsuit at CCI-Tehachapi.

3.     The events that Plaintiff complains of occurred on March 7, 2006,  while he was incarcerated at CCI-Tehachapi.

4.     Plaintiff has had multiple write-ups for violating CCI-Tehachapi rules and regulations.

5.     Plaintiff has filed numerous 602 appeals that have been reviewed by CDCR personnel and found meritless.

**C.     Plaintiff's Disputed Facts**

1.     The manner in which the incident happened.

2.     The injuries to Plaintiff.

3.     Whether Defendants' force was applied in a good faith effort to maintain discipline or used in a reckless manner to cause harm.

4.     The measure and manner of the damages.

**D.     Defendants' Disputed Facts**

1.     Whether Plaintiff was wrongfully "slammed" against the wall without proper cause by Defendants G. Dozer and R. Kephart.

2.     Whether Defendants G. Dozer and R. Kephart along with Defendant M. Taylor forcefully "tackled" Plaintiff hard onto the ground and caused Plaintiff to suffer facial

3

injuries.

3. Whether Defendant B. Sanders physically yanked Plaintiff's hands through a food opening causing Plaintiff to sustain "cuts and bleeding to the hands and wrists."

4. Whether there was a need for the use of some force against Plaintiff because he had become disruptive.

5. Whether the amount of force used was reasonably related to the need for that force.

6. Whether the absence of any serious injury resulting from the incident indicates that force was applied in a good faith effort to maintain or restore discipline and was not applied maliciously and sadistically to cause harm.

7. Whether Plaintiff's threats against the responsible correctional officers were reasonably perceived as significant.

8. Whether Defendants Sanders, Dozer, Taylor and Kephart tempered the force that they used.

9. The nature and extent of Plaintiff's injury.

10. The amount of Plaintiff's compensatory damages, if any.

11. Whether Defendants are entitled to qualified immunity as to Plaintiff's claim for monetary damages.

12. All other factual statements or characterizations made by Plaintiff.

**E.    Disputed Evidentiary Issues**

1. Defendants reserve objections to specific testimony and exhibits until such time as Defendants have had the opportunity to hear such testimony and examine such exhibits.

2. Defendants object to any opinion testimony offered by Plaintiff on his medical condition, statutory or regulatory construction, or prison policies and procedures as he is not qualified to render such opinions.

3. Defendants will seek to impeach Plaintiff and any other incarcerated

witnesses testifying by presenting evidence of prior felony convictions[1] and/or specific instances of conduct demonstrating a propensity to lie.

4.      Defendants will object to the testimony of any witness not listed in Plaintiff's pretrial statement.[2]

5.      Defendants will object, in the absence of proof from a medical expert, to opinions, speculation, or inferences as to the nature and extent of Plaintiff's physical injuries as Plaintiff lacks competent medical expertise to offer such.[3]  Defendants will offer as trial exhibits Plaintiff's relevant medical records.

6.      Defendants reserve the right to supplement their list of witnesses and/or exhibits based on pending discovery, supplementation to discovery, information that should have been provided during discovery, or information first obtained through investigation after the close of discovery.

7.      Defendants reserve the right to present demonstrative aids, tests, foundational materials, learned treatises, impeachment evidence, rebuttal evidence, items of limited or conditional admissibility, or any other matters not properly presented as exhibits during the parties' case-in-chief under the Federal Rules of Evidence.

8.      Defendants reserve the right to claim any applicable privileges that relate to the disclosure of employee work conduct and performance evaluation reports, employee personnel records, or other similar documentation.

9.      Defendants do not anticipate any unusual evidentiary issues, or special factual information, in this case.

---

[1] Pursuant to Rule 609 of the Federal Rules of Evidence, no one who has suffered a prior felony conviction is entitled to the false aura of veracity which would occur if impeachment were not allowed.

[2] Consistent with the absence of a request for attendance of incarcerated witnesses and the decision not to request funds to secure subpoenas for unincarcerated witnesses, Plaintiff advised in the Pretrial Conference that he did not intend to call any witnesses other than himself. However, as is the Court's general practice in cases such as this, witnesses the defense plans to call shall be present on April 10, 2012, by 9:30 a.m. and shall be available for Plaintiff to call for direct examination.

[3] As discussed during the Pretrial Conference, Plaintiff may testify as to what he experienced and felt, but, not having identified any expert medical witnesses, may not provide expert medical testimony.

1    **F.    Special Factual Information**

2        Not applicable.

3    **IV.   Relief Sought**

4        Plaintiff seeks compensatory and punitive damages from Defendants in the sum

5    of four million dollars ($4,000,000.00).

6        Defendants seek judgment in their favor, an award of costs, and an award of

7    reasonable attorney's fees.

8    **V.    Points of Law**

9        **A.    Liability Under Section 1983**

10       To state a claim under Section 1983, a plaintiff must allege two essential

11   elements: (1) that a right secured by the Constitution or laws of the United States was

12   violated and (2) that the alleged violation was committed by a person acting under the

13   color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda

14   Cnty., 811 F.2d 1243, 1245 (9th Cir.1987).

15       Section 1983 plainly requires that there be an actual connection or link between

16   the actions of Defendant and the deprivation alleged to have been suffered by Plaintiff.

17   See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode,

18   423 U.S. 362 (1976). "A person deprives another of a constitutional right, where that

19   person 'does an affirmative act, participates in another's affirmative acts, or omits to

20   perform an act which [that person] is legally required to do, that causes the deprivation

21   of which complaint is made.'" Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

22       **B.    Eighth Amendment Excessive Force Claim**

23       The Cruel and Unusual Punishments Clause of the Eighth Amendment protects

24   prisoners from the use of excessive physical force.  Wilkins v. Gaddy, ___ U.S. ___,

25   ___, 130 S.Ct. 1175, 1178 (2010) (per curiam); Hudson v. McMillian, 503 U.S. 1, 8-9,

26   112 S.Ct. 995 (1992).  What is necessary to show sufficient harm under the Eighth

27   Amendment depends upon the claim at issue, with the objective component being

28   contextual and responsive to contemporary standards of decency.  Hudson, 503 U.S. at

8.  For excessive force claims, the core judicial inquiry is whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. <u>Wilkins</u>, ___ U.S. at ___, 130 S.Ct. at 1178 (quoting <u>Hudson</u>, 503 U.S. at 7).

        Not every malevolent touch by a prison guard gives rise to a federal cause of action. <u>Wilkins</u>, ___ U.S. at ___, 130 S.Ct. at 1178 (quoting <u>Hudson</u>, 503 U.S. at 9). Necessarily excluded from constitutional recognition is the <u>de minimis</u> use of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. <u>Wilkins</u>, ___ U.S. at ___, 130 S.Ct. at 1178 (quoting <u>Hudson</u>, 503 U.S. at 9-10).  In determining whether the use of force was wanton and unnecessary, courts may evaluate the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. <u>Hudson</u>, 503 U.S. at 7.

        While the absence of a serious injury is relevant to the Eighth Amendment inquiry, it does not end it.  <u>Hudson</u>, 503 U.S. at 7.  The malicious and sadistic use of force to cause harm always violates contemporary standards of decency. <u>Wilkins</u>, ___ U.S. at ___, 130 S.Ct. at 1178 (quoting <u>Hudson</u>, 503 U.S. at 9).  Thus, it is the use of force rather than the resulting injury which ultimately counts. <u>Id.</u> at 1178.

        When, as here, the prisoner seeks compensatory damages, the inquiry into causation must be individualized and focus on the duties and responsibilities of each individual Defendant whose acts or omissions are alleged to have caused a constitutional deprivation. <u>Leer v. Murphy</u>, 844 F.2d 628, 633 (9th Cir. 1988). The causation inquiry between the deliberate indifference and the Eighth Amendment deprivation must focus on whether the individual Defendant was in a position to take steps to avert the harm, but failed to do so intentionally or with deliberate indifference. The prisoner must set forth specific facts as to each individual Defendant's deliberate

1  indifference. Id. at 633-34.

2      The nature and extent of Plaintiff's injury and the amount of his damages are in

3  dispute. When witnesses, such as Plaintiff, are not testifying as an expert, testimony in

4  the form of opinions or inferences is limited to those opinions or inferences which are

5  not based on scientific, technical or other specialized knowledge. See Fed. R. Evid.

6  701. While expert testimony is not needed for every case, such as those cases where

7  treatment for a serious medical need is non-existent, it is virtually impossible to

8  successfully prosecute a medical suit without such testimony when treatment has been

9  undertaken. Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988). Plaintiff

10  has not identified any expert medical witnesses, and there is nothing in the record

11  indicating that he is qualified as an expert medical witness. In the absence of proof from

12  a medical expert, Plaintiff lacks competent medical expertise to offer opinions or

13  inferences as to the nature and extent of his injury.

14      **C.  Mental or Emotional Injury - Physical Injury Requirement**

15      The Prison Litigation Reform Act provides that "[n]o Federal civil action may be

16  brought by a prisoner confined in jail, prison, or other correctional facility, for mental and

17  emotional injury suffered while in custody without a prior showing of physical injury." 42

18  U.S.C. § 1997e(e).[4]  The physical injury "need not be significant but must be more than

19  de minimis."  Oliver v. Keller, 289 F.3d 623, 627 (9th Cir. 2002) (back and leg pain and

20  canker sore found de minimis); see also Pierce v. County of Orange, 526 F.3d 1190,

21  1211-13 (9th Cir. 2008) (bladder infections and bed sores, which pose significant pain

22  and health risks to paraplegics such as the plaintiff, found not de minimis).  The

23  physical injury requirement applies only to claims for mental or emotional injuries and

24  does not bar claims for compensatory, nominal, or punitive damages.  Oliver, 289 F.3d

25  at 630.

26

27      [4] The applicability of this requirement turns on plaintiff's status as a prisoner, not at the time of the

28  incident, but when the lawsuit is filed. Abdul-Akbar v. McKelvie, 239 F.3d 307, 314 (3rd Cir. 2001) (citing

1

### D.    Punitive Damages

2     Plaintiff has the burden of proving what, if any, punitive damages should be

3 awarded by a preponderance of the evidence. NINTH CIRCUIT MODEL CIVIL JURY

4 INSTRUCTIONS § 5.5 (2008). The jury must find that Defendants' conduct was "motivated

5 by evil motive or intent, or . . . involves reckless or callous indifference to the federally

6 protected rights of others." Smith v. Wade, 461 U.S. 30, 56 (1986).  Acts or omissions

7 which are malicious, wanton, or oppressive support an award of punitive damages.

8 Dang v. Cross, 422 F.3d 800, 807-08 (9th Cir. 2005).

9

### E.    Qualified Immunity

10     Government officials enjoy qualified immunity from civil damages unless their

11 conduct violates "clearly established statutory or constitutional rights of which a

12 reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

13 "Qualified immunity balances two important interests - the need to hold public officials

14 accountable when they exercise power irresponsibly and the need to shield officials

15 from harassment, distraction, and liability when they perform their duties reasonably,"

16 Pearson v. Callahan, 555 U.S. 223, 231 (2009), and it protects "all but the plainly

17 incompetent or those who knowingly violate the law," Malley v. Briggs, 475 U.S. 335,

18 341 (1986).

19     In resolving a claim of qualified immunity, courts must determine whether, taken

20 in the light most favorable to the plaintiff, the defendant's conduct violated a

21 constitutional right, and if so, whether the right was clearly established. Saucier v. Katz,

22 533 U.S. 194, 201 (2001); Mueller v. Auker, 576 F.3d 979, 993 (9th Cir. 2009).  While

23 often beneficial to address in that order, courts have discretion to address the two-step

24 inquiry in the order they deem most suitable under the circumstances. Pearson, 555

25 U.S. at 236 (overruling holding in Saucier that the two-step inquiry must be conducted

26 in that order, and the second step is reached only if the court first finds a constitutional

27 violation); Mueller, 576 F.3d at 993-94.

28

1    Plaintiff bears the burden of establishing that Defendant violated a clearly

2    established right. <u>Davis v. Scherer</u>, 468 U.S. 183, 187 (1984); <u>Thompson v. Souza</u>, 111

3    F.3d 694, 698 (9th Cir. 1997).

4           **F.    Federal Rules of Evidence**

5           Federal Rule of Evidence 607 provides that the credibility of a witness may be

6    attacked by any party. Federal Rules of Evidence 608 and 609 provide that evidence of

7    a witness' prior felony conviction or instance of conduct demonstrating a propensity to

8    lie may be used to impeach that witness' testimony.  Federal Rule of Evidence 404(b)

9    provides that evidence of prior crimes, wrongs, or acts cannot be used to prove the

10   character of the person in order to show conduct in conformity with that character trait.

11   Such prior acts may be admissible for other purposes only, such as proof of motive,

12   opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or

13   accident.  <u>Id.</u>

14   **VI.   Abandoned Issues**

15          None.

16   **VII.   Witnesses**

17          The following is a list of witnesses that the parties expect to call at trial, including

18   rebuttal and impeachment witnesses.  NO WITNESS, OTHER THAN THOSE LISTED

19   IN THIS SECTION, MAY BE CALLED AT TRIAL UNLESS THE PARTIES STIPULATE

20   OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT

21   "MANIFEST INJUSTICE."  Fed. R. Civ. P. 16(e); Local Rule 281(b)(10).

22          **A.    Plaintiff's Witnesses**

23          1.    Plaintiff Cedric Greene.

24          **B.    Defendants' Witnesses**

25          1.    G. Dozer, Defendant (Correctional Sergeant).

26          2.    [R] Kephart, Defendant.

27          3.    M. Taylor, Defendant.

28

1    4.    M. Brown, Correctional Officer

2    5.    B. Sanders, Defendant.

3    6.    H. Santos, Correctional Sergeant.

4    7.    R. Jensen, Correctional Sergeant.

5    8.    A. Blaylock. Correctional Sergeant.

6    9.    M. Bryant, Correctional Sergeant.

7    10.    W.J. Sullivan. Warden.

8    11.    M. Ortiz.

9    12.    T. Soto.

10    13.    Lt. T. Traynham.

11    14.    G. Eberle.

12    15.    S. Yumey.

13    16.    Custodian of records for the California Department of Corrections, or

14   designated representative.[5]

15    17.    Custodian of medical records for the California Department of Corrections,

16   or designated representative.[6]

17    18.    Defendants seek to reserve the right to supplement their list of witnesses

18   to include rebuttal witnesses.

19   **VIII.   Exhibits**

20        The following is a list of documents or other exhibits that the parties expect to

21   offer at trial.  NO EXHIBIT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE

22   ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS

23   ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE."  Fed. R. Civ.

24   _____

25        [5] During the Pretrial Conference, the parties stipulated and agreed that  Defendants' custodian of
26   records shall authenticate all exhibits identified herein via declaration rather than through appearance at
     trial.

27        [6] Idem.

28

1  P. 16(e); Local Rule 281(b)(11).

2     **A.     Plaintiff's Exhibits**

3        1.     Director's Level Appeal decision in Inmate Appeals Branch number

4  0512339 which indicates that the March 7, 2006 matter was referred for a "use of force

5  review."

6        2.     The incident report and associated documents relating to the March 7,

7  2006 incident which gives rise to this action.

8        3.     The Medical Report (7219) generated as a result of Plaintiff's request for

9  care following the March 7, 2006, incident which gives rise to this action.[7]

10       4.     March 7, 2006, video taken by Correctional Sergeant Soto.

11    **B.     Defendants' Exhibits**

12       1.     Portions of Plaintiff's central file including but not limited to:

13           (1)    Abstract of Judgment,

14           (2)    All Responses to Inmate Grievances 602, and attachments,

15           (3)    Inmate Grievances,

16           (4)    Property Cards and Receipts,

17           (5)    CDC 114's,

18           (6)    Documents and records of Greene's conditions for confinement and

19                  status,

20           (7)    Documents showing Greene's criminal record, conviction and

21                  sentence,

22           (8)    Greene's incarceration history and disciplinary record.

23  _____

24       [7] During the Pretrial conference the parties stipulated and agreed as follows with regard to
release and production of additional records: Defendants will forthwith provide to Plaintiff a form of release
25  authorizing Defendant to obtain from appropriate authorities the records listed herein and those sought in
discovery. Upon Plaintiff's signature and return of the form, defendant will secure said records and provide
26  a copy of all to Plaintiff. The parties may supplement their proposed exhibit lists to include such records
they seek to introduce at trial.  All shall be numbered and prepared for trial in the manner and at the time
27  set forth in this Order. This stipulation does not make any evidence admissible. The Court will rule on the
admissibility of all evidence in response to motions in limine or as offered into evidence at trial.

28

2.      Crime Incident Reports for March 7, 2006 incident and supplemental reports,

3.      Video of interviews,

4.      Medical Reports relating to March 7, 2006 incident,

5.      Miranda Rights form for inmate Greene for March 7, 2006,

6.      Medical Report of injury or unusual occurrence completed by M. Ortiz for Inmate Greene,

7.      Rules Violation Report for Inmate Greene for willfully resisting staff on March 7, 2006,

8.      Serious Rules Violation Report for Greene dated March 7, 2006,

9.      Notice of placing Greene on modified cell security precaution for March 7, 2006 from B. Sanders,

10.     Plaintiff's responses to interrogatories from Dozer, Taylor, Sanders and Kephart,

11.     All records from Plaintiff's administrative appeal, decisions and director's decision on appeal, including Director Level Appeal, First Level Appeal, Second Level Appeal,

12.     Declarations of Custodians of Records,

13.     Portions of Plaintiff's medical and mental health records from the California Department of Corrections, including but not limited to:

(1)     Physician's or interdisciplinary Progress Notes,

(2)     Physician's Request for Services,

(3)     Physician's Orders.

14.     CDCR policies, regulations and memoranda, including:

(1)     Applicable sections of Department of Corrections Operation Manual Section 52020 et seq.,

(2)     Other pertinent regulations, policies and memoranda.

**IX. Discovery Documents To Be Used At Trial**

Plaintiff reserves the right to offer Medical Report “7219" relating to Plaintiff’s injuries and the March 7, 2006 video that was taken by correctional sergeant Soto.

Defendants reserve the right to offer documents produced by them in the course of discovery, including any transcripts and discovery responses.

**X. Further Discovery or Motions**

There are no pending motions for discovery, all remaining discovery issues having been resolved as provided herein. (See footnote 6.)

Defendants intend to file motions in limine on anticipated evidentiary issues and disputes pursuant to this Pretrial Order.

Even though discovery is closed, all parties are reminded of their continuing obligation to update all discovery responses previously made if that party becomes aware of new information or becomes aware that an answer in a previous response is incomplete or incorrect. Fed. R. Civ. P. 26(e)(1).

**XI. Stipulations**

As provided herein.

**XII. Amendments/Dismissals**

None.

**XIII. Settlement Negotiations**

None to date. If Plaintiff is interested in discussing the possibility of settlement which contemplates a waiver of costs and possible desire on the part of the defense to avoid litigation expense, he shall so notify Courtroom Deputy Lauri Yu and the Court will undertake to arrange a pretrial settlement conference with another judge.

**XIV. Agreed Statement**

None.

**XV. Separate Trial Of Issues**

The parties in their respective pretrial statements have not sought bifurcation on

1  the issue of punitive damages.

2      Nonetheless, as is this Court's standard practice, the Court will bifurcate the issue

3  of punitive damages.  If Defendants are found liable for punitive damages, the Court will

4  conduct a second trial phase on the amount of punitive damages.

5  **XVI.   Impartial Experts - Limitation Of Experts**

6      None.

7  **XVII.   Attorney's Fees**

8      If Defendants prevail, they will seek reasonable attorney's fees and costs as

9  permitted by statute.

10      Plaintiff is proceeding pro se and may not seek attorney's fees.  42 U.S.C. §

11 1988; See. Kay v. Ehrler, 499 U.S. 432, 435, 111 S.Ct. 1435 (1991); see also Gonzales

12 v. Kangas, 814 F.2d 1411, 1412 (9th Cir. 1987).

13 **XVIII. Further Trial Preparation**

14      **A.     Motions In Limine Hearing and Briefing Schedule**

15      Any party may file a motion in limine.  The purpose of a motion in limine is to

16 establish in advance of the trial that certain evidence should not be offered at trial.

17 Although the Federal Rules do not explicitly provide for the filing of motions in limine, the

18 Court has the inherent power to hear and decide such motions as a function of its duty

19 to expeditiously manage trials by eliminating evidence that is clearly inadmissible for any

20 purpose.  Luce v. United States, 469 U.S. 38, 41 n.4 (1984); Jonasson v. Lutheran Child

21 and Family Services, 115 F. 3d 436, 440 (7th Cir. 1997).  The Court will grant a motion

22 in limine, and thereby bar use of the evidence in question, only if the moving party

23 establishes that the evidence clearly is not admissible for any valid purpose.  Id.;

24 Hawthorne Partners v. AT & T Technologies, Inc., 831 F. Supp. 1398, 1400 (N.D. Ill.

25 August 25, 1993).

26      All motions in limine must be served on the other party/parties, and filed with the

27 Court, by **March 20, 2012**.  Any motion in limine must clearly identify the nature of the

28

1   evidence that the moving party seeks to prohibit the other side from offering at trial.

2          Any opposition to a motion in limine must be served on the other party/parties,

3   and filed with the Court, by **April 3, 2012.**

4          If any party files a motion in limine, the Court will hear and decide such motions

5   on the morning of trial.

6          **Whether or not a party files a motion in limine, that party may still object to**

7   **the introduction of evidence during the trial.**

8          **B.    Other**

9          The parties are relieved of their obligation under Local Rule 285 to file trial briefs.

10  If they wish to file trial briefs, they must do so on or before **April 5, 2012.**

11         The Court will prepare the verdict form, which the parties will have the opportunity

12  to review on the morning of trial.  If the parties wish to submit a proposed verdict form for

13  consideration, they must do so on or before **April 5, 2012.**

14         The Court will prepare the jury instructions, which the parties will have the

15  opportunity to review on the morning of trial.  Defendants shall file proposed jury

16  instructions as provided in Local Rule 163 on or before **April 5, 2012.** If Plaintiff wishes

17  to file proposed jury instructions, he must do so on or before **April 5, 2012.**

18         In selecting proposed instructions, the parties shall use Ninth Circuit Model Civil

19  Jury Instructions to the extent possible.  All jury instructions must be submitted in

20  duplicate: One set will indicate which party proposes the instruction, with each

21  instruction numbered or lettered, and containing citation of supporting authority, and the

22  customary legend, i.e., "Given, Given as Modified, or Refused," showing the Court's

23  action, with regard to each instruction.  One set will be an exact duplicate of the first,

24  except it will not contain any identification of the party offering the instruction or

25  supporting authority or the customary legend of the Court's disposition.  Defendants

26  shall provide the Court with a copy of their proposed jury instructions via e-mail at:

27  mjsorders@caed.uscourts.gov.

28

1    Proposed voir dire questions, if any, shall be filed on or before **April 5, 2012.**

2  Local Rule 162.1.

3    The parties may serve and file a non-argumentative, brief statement of the case

4  which is suitable for reading to the jury at the outset of jury selection on or before **April**

5  **5, 2012.**  The Court will consider the parties' statements but will draft its own statement.

6  The parties will be provided with the opportunity to review the Court's prepared

7  statement on the morning of trial.

8    The original and five copies of all trial exhibits along with exhibit lists shall be

9  submitted to Courtroom Deputy Laurie Yu no later than **April 5, 2012.**[8] Plaintiff's exhibits

10 shall be pre-marked with the prefix "PX" and numbered sequentially beginning with 100

11 (e.g., PX-100, PX-101, etc.).  Defendants' exhibits shall be pre-marked with the prefix

12 "DX" and lettered sequentially beginning with A (e.g., DX-A, DX-B, etc.).

13    If Defendants wish to use a videotape or a DVD for any purpose during trial, they

14 shall submit a copy of the videotape or DVD to Courtroom Deputy Laurie Yu by 4:00

15 p.m. on **April 5, 2012.**[9]  If a written transcript of audible words on the tape is available,

16 the Court requests that the transcript be submitted to the Courtroom Deputy along with

17 the videotape or DVD, solely for the aid of the Court.

18    If counsel intends to use a laptop computer for presentation of evidence or

19 intends to use any other audio/visual equipment belonging to the Court, he shall contact

20 Courtroom Deputy Laurie Yu at least one week prior to trial so that any necessary

21 arrangements and/or training may be scheduled.

22 **XIX.    Objections to Pretrial Order**

23    Any party may, on or before **March 13, 2012**, file and serve written objections to

24 any of the provisions of this Order.  Such objections shall specify the requested

25 ───────────────

26    [8] Original for the Courtroom Deputy, one copy for the undersigned, one copy for the court reporter, one copy for the witness stand, one copy for the opposing side, and one copy to be retained by the party.

27    [9] Admissibility of any videotape or DVD is subject to the Federal Rules of Evidence.

28

modifications, corrections, additions or deletions.

**XX.  Rules of Conduct During Trial**

    **A.  General Rules**

    1.     All participants in the trial shall conduct themselves in a civil manner. There shall be no hostile interchanges between any of the participants.

    2.     All oral presentations shall be made from the podium, unless otherwise permitted by the Court.

    3.     Sidebar conferences are discouraged.  Legal arguments or discussion of issues outside the presence of the jury should be done during recesses.

    4.     Counsel shall advise their respective clients and witnesses not to discuss any aspect of the case in the common areas of the courthouse accessible to the jurors, such as the lobby, the elevators, the hallways and the cafeteria.

    **B.  Jury Selection**

    1.     The Court will conduct voir dire to be supplemented by any written questions submitted by counsel prior to trial and after the Court has concluded its questioning of the jury panel.  In some circumstances, the Court may allow brief direct questioning by counsel.

    **C.  Opening Statements**

    1.     Counsel may use visual aids in presenting the opening statement. However, any proposed visual aids shall be shown to opposing counsel before opening statement.

    **D.  Case in Chief**

    1.     Counsel shall have his/her witnesses readily available to testify so that there are no delays in the presentation of evidence to the trier of fact.

    2.     At the close of each trial day, counsel shall disclose his/her anticipated witnesses and order of presentation for the next day, so that any scheduling or evidentiary issues may be raised at that time.

**E. <u>Witnesses</u>**

1.      Before approaching a witness, counsel shall secure leave of Court to approach the witness.

2.      Before approaching a witness with a writing, counsel shall first show the writing to opposing counsel.

**F. <u>Exhibits</u>**

1.      All exhibits shall be marked and identified in accordance with the instructions in the Pretrial Order.

2.      An exhibit shall not be published to the jury until it has been admitted into evidence and counsel has secured leave of Court to publish the exhibit.

3.      The Court usually will conduct an on the record review of the exhibits that have been admitted in evidence at the conclusion of each party's case in chief and after each party has rested its entire case.

**G. <u>Objections</u>**

1.      No speaking objections or arguments are permitted in the presence of the jury.  Counsel shall state the specific legal ground(s) for the objection, and the Court will rule based upon the ground(s) stated. The Court will permit counsel to argue the matter at the next recess.

2.      The Court will not assume that any objection made also implies with it a motion to strike an answer that has been given. Therefore, counsel who has made an objection, and who also wishes to have an answer stricken, shall also specifically move to strike the answer.

**H. <u>Closing Argument</u>**

1.      Counsel may use visual aids in presenting the closing argument. However, any proposed visual aids shall be shown to opposing counsel before closing argument.

**<u>FAILURE TO COMPLY WITH ALL PROVISIONS OF THIS ORDER MAY BE</u>**

1 **GROUNDS FOR THE IMPOSITION OF SANCTIONS ON ANY AND ALL COUNSEL AS**

2 **WELL AS ON ANY PARTY WHO CAUSES NON-COMPLIANCE WITH THIS ORDER**

3

4

5

6 IT IS SO ORDERED.

7 Dated:    March 2, 2012               /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28