UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CEDRIC GREENE,

          Plaintiff,

    v.

B. SANDERS, et al.,

          Defendants.

_____/

CASE NO. 1:09-CV-00336-MJS PC

MEMORANDUM DECISION AND ORDER
DENYING PLAINTIFF'S  MOTION FOR A
NEW TRIAL

(ECF NO. 72)

I.    **PROCEDURAL HISTORY**

    On February 24, 2009, Plaintiff Cedric Greene, a former state prisoner proceeding pro se and in forma pauperis filed this action pursuant to 42 U.S.C. § 1983 claiming Defendants violated his Eighth Amendment rights by using excess force against him while he was in custody at the California Correctional Institutional in Tehachapi, California.

    The matter came before the Court for trial by jury. On April 10, 2012 the jury rendered a verdict for the Defendants (Special Verdict, ECF No. 68), and the Court entered judgment thereon on April 16, 2012. (Judgment, ECF No. 71.)

    Before the Court is Plaintiff's Motion for New Trial. (Mot. New Trial, ECF No. 72.) Defendants filed their Opposition to the Motion for New Trial on April 26, 2012. (Opp'n to Mot., ECF No. 73.) The time to file reply documents has passed and none were filed. This matter is deemed submitted.

1

## II.   **LEGAL STANDARD**

Federal Rule of Civil Procedure 59(a) provides that: "The court may, on motion, grant a new trial on all or some of the issues--and to any party--as follows: (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court . . . ".

Rule 59 does not specify the grounds on which a motion for a new trial may be granted. Zhang v. Am. Gem Seafoods, Inc., 339 F.3d 1020, 1035 (9th Cir. 2003). Rather, the court is "bound by those grounds that have been historically recognized." Id. "Historically recognized grounds include, but are not limited to, claims 'that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving.'" Molski v. M.J. Cable, Inc., 481 F.3d 724, 729 (9th Cir. 2007) (quoting Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251 (1940)). A new trial may be granted only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice. Molski, 481 F.3d at 729; Passantino v. Johnson & Johnson Consumer Prods., 212 F.3d 493, 510 n.15 (9th Cir. 2000).

"The grant of a new trial is 'confided almost entirely to the exercise of discretion on the part of the trial court.'" Murphy v. City of Long Beach, 914 F.2d 183, 186 (9th Cir. 1990). "A new trial may be ordered to correct manifest errors of law or fact, but 'the burden of showing harmful error rests on the party seeking the new trial.'" Boston Scientific Corp. v. Johnson & Johnson, 550 F.Supp.2d 1102, 1110 (N.D. Cal. 2008). "A motion for new trial may invoke the court's discretion insofar as it is based on claims that 'the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to [the] party moving; and may raise questions of law arising out of alleged substantial errors in admission or rejection of evidence or instructions to the jury.'" Id. (quoting Montgomery Ward & Co., 311 U.S. at 251).

In considering a motion for a new trial, the court may weigh the evidence and assess the credibility of witnesses, and the court need not view the evidence in the light

most favorable to the prevailing party. <u>Air-Sea Forwarders, Inc. v. Air Asia Co., Ltd.</u>, 880 F.2d 176, 190 (9th Cir. 1989). However, it is not enough that the trial judge would have reached a different verdict from the jury. <u>United States. v. 4.0 Acres of Land</u>, 175 F.3d 1133, 1139 (9th Cir. 1999); <u>Roy v. Volkswagen of America, Inc.</u>, 896 F.2d, 1174, 1176 (9th Cir. 1990). After weighing the evidence, the trial judge faces a difficult task:

> "It may be doubted whether there is any verbal formula that will be of much use to trial courts in passing on motions [for a new trial on the grounds that the verdict is against the clear weight of the evidence]. Necessarily all such formulations are couched in broad and general terms that furnish no unerring litmus for a particular case. On the one hand, the trial judge does not sit to approve miscarriages of justice. His power to set aside the verdict is supported by clear precedent at common law and, far from being a denigration or a usurpation of jury trial, has long been regarded as an integral part of trial by jury as we know it. On the other hand, a decent respect for the collective wisdom of the jury, and for the function entrusted to it in our system, certainly suggests that in most cases the judge should accept the findings of the jury, regardless of his own doubts in the matter. Probably all that the judge can do is to balance these conflicting principles in the light of the facts of the particular case. If, having given full respect to the jury's findings, the judge on the entire evidence is left with the definite and firm conviction that a mistake has been committed, it is to be expected that he will grant a new trial."

<u>Landes Const. Co., Inc. v. Royal Bank of Canada</u>, 833 F.2d 1365, 1371-72 (9th Cir. 1987). "Doubts about the correctness of the verdict are not sufficient grounds for a new trial: the trial court must have a firm conviction that the jury has made a mistake." <u>Id.</u> at 1372 (citing <u>Tennant v. Peoria & Pekin Union Ry.</u>, 321 U.S. 29, 35 (1944)). A court should upset the jury's verdict only where the evidence at trial supports only one reasonable verdict-that in favor of the moving party. <u>See</u> <u>The Jeanery, Inc. v. James Jeans, Inc.</u>, 849 F.2d 1148, 1151 (9th Cir. 1988).

Local Rule 291.2 provides that "[m]otions for new trial shall state with specific

references to relevant portions of any existing record and to any supporting affidavits: (1) the particular errors of law claimed, (2) if a ground is insufficiency of the evidence, the particulars thereof, and (3) if a ground is newly discovered evidence, the particulars thereof, together with a full complete description of the facts relating to the discovery of such evidence and the movant's diligence in connection therewith."

The court should only grant a motion for a new trial where "[it] is convinced that the jury reached a seriously erroneous result, or that the verdict is against the weight of the evidence," Manley v. Ambase Corp., 337 F.3d 237, 244-45 (2d Cir. 2003), or "'the trial was not fair to the moving party . . . '". DeWitt v. N.Y. State Housing Fin. Agency, No. 97 Civ. 4651, 1999 U.S. Dist. LEXIS 13057, at *3 n. 1 (S.D.N.Y. Aug. 24, 1999) (quoting Mallis v. Bankers Trust Co., 717 F.2d 683, 691 (2d Cir. 1983)). "In evaluating a Rule 59 motion, the trial judge's duty 'is essentially to see that there is no miscarriage of justice.'" Id. (quoting Sharkey v. Lasmo  (AUL Ltd.), 55 F.Supp.2d 279, 283 (S.D.N.Y. 1999)).

## III.   **ANALYSIS**

Plaintiff supports his motion for a new trial by alleging that (1) Defendants did not provide reports and discovery (listed in the Pretrial Order) until the date of the trial, (2) his mailing location has no record supporting Defendants' statement at trial that these reports and discovery were sent to him prior to trial, (3) he did not have time to review these reports and discovery at trial, (4) these reports and discovery reflect something different from Defendants' testimony at trial.[1]

Defendants counter by alleging that (1) any delay in providing the reports and discovery is attributable to Plaintiff, (2) the reports and discovery in issue were served by Defendants and delivered to Plaintiff's address of record on April 5, 2012, (3) of these reports and discovery, only one document (a one page medical report) along with a video discovered few days prior to trial, both known to Plaintiff and showing his physical

---

[1] Mot. for New Trial, ECF No. 72 at 1-2.

1   condition, were actually introduced into evidence at trial.[2]

2       The record reflects that, as of the March 2, 2012 pretrial conference Plaintiff had not

3   provided Defendants with the written consent necessary to enable them to gain access to

4   and copies of the reports and records in issue.[3] Defendants have made a credible

5   evidentiary showing that: promptly upon receipt of Plaintiff's consent form, Defendants

6   requested and received the subject records from the facility at which they had been stored;

7   Defendants tabbed, stamped and sent them for overnight delivery to Plaintiff 's address of

8   record; and Defendants' received confirmation from the delivery service showing delivery

9   five days prior to trial.[4] Defendants also note that the only evidence included therein that

10  was admitted at trial was Plaintiff's own March 6, 2006 medical report and a DVD showing

11  Plaintiff's condition the day after the event.[5]

12      Plaintiff has suggested that procedures peculiar to his housing may have caused

13  a further delay in the documents actually reaching him after their delivery to his address.

14  Be that as it may, Plaintiff must bear responsibility for having failed to take steps to prevent

15  such delay at his housing or, in this case, having failed to provide his consent to release

16  of the records sooner.  In any event, Plaintiff fails to refer to any portion of the record or

17  make any evidentiary showing of legal or factual error, prejudice attributable to Defendants'

18  acts/omissions regarding records and discovery, insufficiency of the evidence, or newly

19  discovered evidence. The Court can appreciate the possibility that earlier review of the

20  records may have enabled Plaintiff to have been better prepared for cross examination of

21  defense witnesses.  However, the undisputed evidence revealed that Plaintiff was not fully

22  cooperating with correctional officer instructions as the officers were escorting him to his

23  cell in a segregated housing unit.  The jury found that the officers did not use excessive

---

25      [2] Defs' Opp'n to Mot., ECF No. 73 at 1-3.

26      [3] Pretrial Order, ECF No. 51 at 12 n.7.

27      [4] Decl. of Michael Terhorst in Opp'n, ECF No. 73-1 at 1-2; Decl. of Sharen G. St. James in Opp'n, ECF No. 73-2 at 1-2.

28      [5] Trail/Witness Exhibits, ECF No. 64.

1  force to gain that cooperation.  One can not reasonably assume that better-prepared cross

2  examination would have produced a different result.  Plaintiff has made no showing that

3  it would have done so or even indicated how earlier preparation would have produced

4  better examination.

5      For all the reasons stated herein, the Court does not find that a new trial is

6  necessary to prevent a miscarriage of justice or that the verdict is contrary to the clear

7  weight of the evidence or based upon false or perjurious evidence.  Plaintiff has not carried

8  his burden on motion for a new trial.

9  **IV.**   **ORDER**

10     Accordingly, Plaintiff's motion for a new trial is hereby DENIED.

11

12

13

14

15  IT IS SO ORDERED.

16  Dated:   May 4, 2012                    /s/ *Michael J. Seng*
                                            UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28